Gary M. Messing, No. 075363
Gregg McLean Adam, No. 203436
Jonathan Yank, No. 215495
Erick V. Munoz, No. 235967
**CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone:  415.989.5900
Facsimile:  415.989.0932
Email:      gmessing@cbmlaw.com
            gadam@cbmlaw.com
            jyank@cbmlaw.com
            emunoz@cbmlaw.com

Attorneys for Intervenor Respondents / Defendants
CALIFORNIA CORRECTIONAL PEACE
OFFICERS' ASSOCIATION and
CALIFORNIA STATEWIDE LAW
ENFORCEMENT ASSOCIATION

David A. Sanders, No. 221393
**CALIFORNIA CORRECTIONAL
PEACE OFFICERS' ASSOCIATION**
755 Riverpoint Drive, Suite 200
West Sacramento, CA 95605-1634
Telephone:  916.372.6060
Facsimile:  916.372.9805
Email:      david.sanders@ccpoa.org

Kasey Christopher Clark, No. 148881
**CALIFORNIA STATEWIDE LAW
ENFORCEMENT ASSOCIATION**
20290 "H" Street
Sacramento, CA 95814
Telephone:  916.447.5262
Facsimile:  916.447.2530
Email:      kclark@cslea.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Sacramento Division

| | |
|---|---|
| DAVID A. GILB, CALIFORNIA DEPARTMENT OF PERSONNEL ADMINISTRATION,<br><br>Petitioners/Plaintiffs,<br><br>v.<br><br>JOHN CHIANG, sued herein in his official capacity only; OFFICE OF THE STATE CONTROLLER,<br><br>Respondents/Defendants. | No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION)** |

CBM-SF\SF415254.1

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(B) (FEDERAL QUESTION)

| | |
|---|---|
| 1 | CALIFORNIA CORRECTIONAL PEACE OFFICERS' ASSOCIATION; CALIFORNIA STATEWIDE LAW ENFORCEMENT ASSOCIATION; STATIONARY ENGINEERS LOCAL 39 INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO; CALIFORNIA ASSOCIATION OF PROFESSIONAL SCIENTISTS; PROFESSIONAL ENGINEERS IN CALIFORNIA GOVERNMENT; YVONNE WALKER and SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1000; CALIFORNIA ATTORNEYS, ADMINISTRATIVE LAW JUDGES, AND HEARING OFFICERS IN STATE EMPLOYMENT (CASE) |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | Intervenor Respondents/ Defendants. |
| 12 | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION; PLAINTIFFS / PETITIONERS DAVID A. GILB AND CALIFORNIA DEPARTMENT OF PERSONNEL ADMINISTRATION; RESPONDENTS / DEFENDANTS JOHN CHIANG AND OFFICE OF THE STATE CONTROLLER; AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, 1446, Intervenor Respondents / Defendants, the California Correctional Peace Officers' Association ("CCPOA") and the California Statewide Law Enforcement Association ("CSLEA") (collectively "Intervenors"), hereby remove to this Court the state court action entitled *David L. Gilb et al v. John Chiang et al.*, Case No. 2008-80000026, filed on August 11, 2008, in the Superior Court of the State of California, County of Sacramento ("the Action").

On August 15, 2008, CCPOA and CSLEA filed requests for leave of court to intervene in the Action as respondents / defendants, pursuant to California Code of Civil

CBM-SF\SF415254.1 -1-

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(B) (FEDERAL QUESTION)

Procedure section 387. Several other unions[1] filed similar requests to intervene in the Action. The court presiding over the Action granted all requests for leave to intervene on August 20, 2008.

Removal is based on the grounds that federal question jurisdiction exists over the Action, pursuant to 28 U.S.C. §§ 1331 and 1441(b), because it involves claims and defenses that arise under federal law and because the Action raises substantial federal questions. This Notice of Removal is timely because it has been filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b). Copies of the Petitioners / Plaintiffs' ("Petitioners") Petition for Writ of Mandate (CCP § 1085) [and] Complaint for Injunctive and Declaratory Relief ("Petition") and other documents, constituting the entire Sacrament Superior Court file in the Action, are attached as Exhibit A.

## SUMMARY OF COMPLAINT

1. On August 11, 2003, Petitioners filed the Petition against Respondents/Defendants John Chiang and Office of the State Controller ("Respondents") in the Superior Court of the State of California, County of Sacramento.

2. Petitioners initiated this Action for the purpose of forcing Respondents to reduce the compensation of State employees, including those represented by the Intervenor Defendants/Respondents, to the bare minimum required by federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. The relief sought by Petitioners necessarily requires a determination of the amount, timing, and manner of wage payments that State employees are entitled to under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

3. Petitioners seek relief from this Court that would force Respondents to comply "with federal labor law." Compl. ¶ 38; *see, e.g., id.* ¶ 73 (alleging that declaratory relief requested will require determination of what is "minimally required by the FLSA"); Prayer for Relief ¶ 3 (same).

---

[1] All of Union Intervenor Respondents/Defendants are listed in Paragraphs 14-17 of the instant motion where they each declare their consent to removal of the Action.

CBM-SF\SF415254.1 -2-

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(B) (FEDERAL QUESTION)

4. Petitioners present their claims as arising under state law – i.e., the California Supreme Court decision in *White v. Davis* (2003) 30 Cal.4th 528 (*Davis*), but the holding of that case centers wholly upon construction and application of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## FEDERAL QUESTION JURISDICTION

5. Removal is proper and federal jurisdiction exists over the Action pursuant to 28 U.S.C. § 1441(b), because this case could originally have been filed in this Court, pursuant to 28 U.S.C. § 1331. Federal question jurisdiction exists over this action because the Petitioners' claims and rights to relief, as expressly referenced in the Petition, turn on the construction and application of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Compl. ¶ 38; *see, e.g., id.* ¶ 73 (alleging that declaratory relief requested will require determination of what is "minimally required by the FLSA"); Prayer for Relief ¶ 3 (same).

6. Federal question jurisdiction exists in this case because Petitioners' claims raise a "substantial federal question." It is well-settled that "where it appears from the complaint that the right to relief depends on the *construction of federal law* the federal district courts have jurisdiction." *Drawhorn v. Qwest Communications Int'l, Inc.*, 121 F. Supp. 2d 554, 560 (E.D. Tex. 2000) (summarizing holding of *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921)); *see also, e.g., Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808-09 (1986); *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 345 (9th Cir. 1996). Courts are required to "inspect the complaint carefully to determine whether a federal claim is necessarily presented, even if the plaintiff has couched his pleading exclusively in terms of state law. The reviewing court looks to the substance of the complaint, not the labels used in it." *Drawhorn*, 121 F. Supp. 2d at 559 (quoting *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980)).

7. Notwithstanding that the Petition is presented as an effort to enforce state law -i.e., the California Supreme Court decision in *White v. Davis*, (2003) 30 Cal.4th 528 (*Davis*), provisions of the California Government Code, and the Governor's

| | |
|---|---|
| 1 | Executive Order- Petitioners' right to relief and the nature of such relief necessarily turn |
| 2 | on the amount, timing, and manner of wage payments State employees are entitled to |
| 3 | under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* |

### SUPPLEMENTAL JURISDICTION

8. Because removal jurisdiction exists with regard to the Action, based on the existence of a substantial federal question, as discussed above, 28 U.S.C. § 1367 also confers supplemental jurisdiction upon this Court with respect to all other State law issues and claims that may arguably be implicated in the Action. *See, e.g., Gibson v. Chrysler Corp.*, 261 F.3d 927, 934, 938 (9th Cir. 2001).

### VENUE

9. Venue for removal is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace the Superior Court of the State of California for the County of Sacramento, the forum in which the removed action was pending.

### NOTICE

10. Concurrent with the filing of this Notice, Intervenors will file a copy of this Notice of Removal with the Clerk of the Sacramento Superior Court.

11. The documents attached hereto as Exhibit A constitute the entire Sacrament Superior Court file in the Action.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

## CONSENT OF DEFENDANTS

12. All other defendants have consented to this removal, in accordance with *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986).

Dated: August 19, 2008

CARROLL, BURDICK & McDONOUGH LLP

By _____/s/_____
Gary M. Messing
Gregg McLean Adam
Jonathan Yank
Erick V. Munoz
Attorneys for Intervenor Respondents / Defendants
CALIFORNIA CORRECTIONAL PEACE
OFFICERS' ASSOCIATION and
CALIFORNIA STATEWIDE LAW
ENFORCEMENT ASSOCIATION

13. Consent to removal is hereby given by Respondents / Defendants John Chiang and the Office of the State Controller.

Dated: August __, 2008

OFFICE OF THE STATE CONTROLLER

By _____
Richard J. Chivaro, Chief Counsel
Attorneys for Respondents / Defendants
JOHN CHIANG and OFFICE OF THE STATE
CONTROLLER

14. Consent to removal is hereby given by Proposed Intervenor Stationary Engineers Local 39 International Union of Operating Engineers, AFL-CIO.

Dated: August __, 2008

WEINBERG, ROGER & ROSENFELD

By _____
Stewart Weinberg
Attorneys for Proposed Intervenor STATIONARY
ENGINEERS LOCAL 39 INTERNATIONAL
UNION OF OPERATING ENGINEERS, AFL-
CIO

| | |
|---|---|
| 1 | **CONSENT OF DEFENDANTS** |
| 2 | 12. All other defendants have consented to this removal, in accordance |
| 3 | with *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986). |
| 4 | Dated: August __, 2008 |

CARROLL, BURDICK & McDONOUGH LLP

By _____
Gary M. Messing
Gregg McLean Adam
Jonathan Yank
Erick V. Munoz
Attorneys for Intervenor Respondents / Defendants
CALIFORNIA CORRECTIONAL PEACE
OFFICERS' ASSOCIATION and
CALIFORNIA STATEWIDE LAW
ENFORCEMENT ASSOCIATION

13. Consent to removal is hereby given by Respondents / Defendants John Chiang and the Office of the State Controller.

Dated: August 19, 2008

OFFICE OF THE STATE CONTROLLER

By _____
Richard J. Chivaro, Chief Counsel
Attorneys for Respondents / Defendants
JOHN CHIANG and OFFICE OF THE STATE
CONTROLLER

14. Consent to removal is hereby given by Proposed Intervenor Stationary Engineers Local 39 International Union of Operating Engineers, AFL-CIO.

Dated: August __, 2008

WEINBERG, ROGER & ROSENFELD

By _____
Stewart Weinberg
Attorneys for Proposed Intervenor STATIONARY
ENGINEERS LOCAL 39 INTERNATIONAL
UNION OF OPERATING ENGINEERS, AFL-
CIO

## CONSENT OF DEFENDANTS

12. All other defendants have consented to this removal, in accordance with *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986).

Dated: August 19, 2008

CARROLL, BURDICK & McDONOUGH LLP

By _____
Gary M. Messing
Gregg McLean Adam
Jonathan Yank
Erick V. Munoz
Attorneys for Intervenor Respondents / Defendants
CALIFORNIA CORRECTIONAL PEACE OFFICERS' ASSOCIATION and CALIFORNIA STATEWIDE LAW ENFORCEMENT ASSOCIATION

13. Consent to removal is hereby given by Respondents / Defendants John Chiang and the Office of the State Controller.

Dated: August __, 2008

OFFICE OF THE STATE CONTROLLER

By _____
Richard J. Chivaro, Chief Counsel
Attorneys for Respondents / Defendants
JOHN CHIANG and OFFICE OF THE STATE CONTROLLER

14. Consent to removal is hereby given by Proposed Intervenor Stationary Engineers Local 39 International Union of Operating Engineers, AFL-CIO.

Dated: August 20, 2008

WEINBERG, ROGER & ROSENFELD

By _____
Stewart Weinberg
Attorneys for Proposed Intervenor STATIONARY ENGINEERS LOCAL 39 INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO

CBM-SF\SF415254.1          -5-
NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(B) (FEDERAL QUESTION)

15. Consent to removal is hereby given by Proposed Intervenor California Association of Professional Scientists and Professional Engineers in California Government.

Dated: August 19, 2008

By /s/ Gerald James
Gerald James
Attorneys for Proposed Intervenors CALIFORNIA ASSOCIATION OF PROFESSIONAL SCIENTISTS and PROFESSIONAL ENGINEERS IN CALIFORNIA GOVERNMENT

16. Consent to removal is hereby given by Proposed Intervenors Yvonne Walker and Service Employees International Union, Local 1000.

Dated: August 20, 2008

SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1000

By /s/ Paul E. Harris, III
Paul E. Harris, III, Chief Counsel
Brooke D. Pierman
Attorneys for Proposed Intervenors YVONNE WALKER and SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1000

17. Consent to removal is hereby given by Proposed Intervenor California Attorneys, Administrative Law Judges, and Hearing Officers in State Employment (CASE).

Dated: August __, 2008

LAW OFFICES OF BROOKS ELLISON

By /s/ Patrick J. Whalen
Patrick J. Whalen
Attorneys for Proposed Intervenor CALIFORNIA ATTORNEYS, ADMINISTRATIVE LAW JUDGES, AND HEARING OFFICERS IN STATE EMPLOYMENT (CASE)