K. WILLIAM CURTIS
Chief Counsel, Bar No. 095753
WARREN C. STRACENER
Deputy Chief Counsel, Bar No. 127921
LINDA A. MAYHEW
Assistant Chief Counsel, Bar No. 155049
CHRISTOPHER E. THOMAS
Labor Relations Counsel, Bar No. 186075
Department of Personnel Administration
State of California
1515 S Street, North Building, Suite 400
Sacramento, CA 95811-7258
Telephone: (916) 324-0512
Facsimile: (916) 323-4723
E-mail: christhomas@dpa.ca.gov

Attorneys for Petitioner, DAVE GILB, as Director of the
California Department of Personnel Administration and the
Department of Personnel Administration

FILED
ENDORSED

08 AUG 19 PM 4: 19

LEGAL PROCESS #7

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SACRAMENTO

| | |
|---|---|
| DAVID A. GILB; CALIFORNIA DEPARTMENT OF PERSONNEL ADMINISTRATION <br><br>     Petitioners/Plaintiffs, <br><br> v. <br><br> JOHN CHIANG, sued herein in his official capacity only; OFFICE OF STATE CONTROLLER <br><br>     Respondents/Defendants. | Case No. 34-2008-80000026-CU-WM-GDS <br><br> **NOTICE OF HEARING ON PETITIONERS'/PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR PETITION FOR WRIT OF MANDATE (CCP § 1085)** <br><br> Date:      August 20, 2008 <br> Time:      10:00 a.m. <br> Dept:      29 <br> Trial Date:    None <br><br> **Exempt from Fees** <br> **(Gov. Code § 6103)** |

TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT ON August 20, 2008, at 10:00 a.m., or as soon as the

matter may be heard by the court, Petitioners/Plaintiffs DAVID A. GILB ("Gilb") and the

CALIFORNIA DEPARTMENT OF PERSONNEL ADMINISTRATION ("DPA"), by and through

their counsel, will appear ex parte in Department 29 of the Sacramento County Superior Court,

located at 720 Ninth Street, Sacramento, CA 95814, to apply for an order shortening time to hear

-1-

1 | Petitioners'/Plaintiffs' Petition for Writ of Mandate (CCP § 1085) on the grounds there is

2 | insufficient time to give notice to Respondents/Defendants of a hearing on the merits of this matter

3 | by regularly noticed writ procedure without causing irreparable harm to Petitioners/Plaintiffs.

4 |     If you plan to appear at the hearing to oppose, please contact K. William Curtis at (916) 324-

5 | 0512, or by fax at (916) 323-4723, or by e-mail at billcurtis@dpa.ca.gov.

6 | Dated: August 19, 2008

7 |                            Respectfully submitted,

9 |                    By:

10 |                        K. WILLIAM CURTIS

11 |                        Chief Counsel
                       Attorneys for Petitioners/Plaintiffs

NOTICE OF HEARING ON PETITIONERS'/PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR
PETITION FOR WRIT OF MANDATE

# PROOF OF SERVICE

CASE NAME: ***Gilb, et. al. v. Chiang et. al.***
CASE NUMBER: 34-200-80000026-CU-WM-GDS

I, RENEE WHITEHEAD, declare:

I am employed in the County of Sacramento, California. I am over the age of 18 years, and not a party to the within action. My business address is 1515 S Street, North Building Suite 400, Sacramento, California 95811-7258. I am readily familiar with my employer's business practice for collection and processing of correspondence for GSO, U.S. Mail, Fax Transmission and/or Personal Service.

On August 19, 2008, I caused the following documents to be served:

**NOTICE OF HEARING ON PETITIONERS'/PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR PETITION FOR WRIT OF MANDATE (CCP § 1085)**

on the parties listed as follows:

<u>XXXX</u>          via e-mail and facsimile.

GARY M. MESSING
Carroll, Burdick & McDonough
44 Montgomery Street, Ste. 400
San Francisco, CA 94104
Facsimile: 415-989-0932
gmessing@cbmlaw.com
Attorneys for Proposed Intervenors CALIFORNIA
CORRECTIONAL PEACE OFFICERS' ASSOCIATION
(CCPOA) and CALIFORNIA STATEWIDE LAW
ENFORCEMENT ASSOCIATION (CSLEA)

BROOKE D. PIERMAN
1808 14th Street
Sacramento, CA 95811
(916) 554-1279
Facsimile: (916) 554-1292
bpierman@seiu1000.org
Attorney for Proposed Intervenors
YVONNE WALKER AND S.E.I.U.

RICK CHIVARO
300 Capitol Mall, Suite 1850
Sacramento, CA 95814
Facsimile: 916-322-1220
rchivaro@sco.ca.gov
Attorney for The Honorable John Chiang
OFFICE OF THE STATE CONTROLLER (SCO)

STEWART WEINBERG
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Ste. 200
Alameda,CA 94501-1091
Facsimile: 510-337-1023
sweinberg@unioncounsel.net
Attorneys for Proposed Intervenor
STATIONARY ENGINEERS LOCAL
39 INTERNATIONAL UNION OF
OPERATING ENGINEERS, AFL-CIO

-1-

Proof of Service

| | |
|---|---|
| 1 | GERALD JAMES | PATRICK J. WHALEN, General |
| | 660 J Street, Suite 445 | Counsel |
| 2 | Sacramento, CA 95814 | Law Offices of Brooks Ellison |
| | Facsimile: 916-446-0489 | 1725 Capitol Avenue |

GERALD JAMES
660 J Street, Suite 445
Sacramento, CA 95814
Facsimile: 916-446-0489
gjames@cwo.com
Attorneys for Proposed Intervenors, CALIFORNIA
ASSOCIATION OF PROFESSIONAL SCIENTISTS
AND PROFESSIONAL ENGINEERS IN CALIFORNIA
GOVERNMENT (CAPT)

PATRICK J. WHALEN, General
Counsel
Law Offices of Brooks Ellison
1725 Capitol Avenue
Sacramento CA 95814
Facsimile (916) 448-5346
patwhalen@calttorneys.org
Attorneys for Proposed Intervenor
CALIFORNIA ATTORNEYS,
ADMINISTRATIVE LAW JUDGES,
AND HEARING OFFICERS IN
STATE EMPLOYMENT (CASE)

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on August 19, 2008, at Sacramento, California.

*Renee Whitehead*
RENEE WHITEHEAD

-2-

1  K. WILLIAM CURTIS
   Chief Counsel, Bar No. 095753
2  WARREN C. STRACENER
   Deputy Chief Counsel, Bar No. 127921
3  LINDA A. MAYHEW
   Assistant Chief Counsel, Bar No. 155049
4  CHRISTOPHER E. THOMAS
   Labor Relations Counsel, Bar No. 186075
5  Department of Personnel Administration
   State of California
6  1515 S Street, North Building, Suite 400
   Sacramento, CA  95811-7258
7  Telephone:  (916) 324-0512
   Facsimile: (916) 323-4723
8  E-mail: christhomas@dpa.ca.gov

9  Attorneys for Petitioner, DAVE GILB, as Director of the
   California Department of Personnel Administration and the
10 Department of Personnel Administration

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                        COUNTY OF SACRAMENTO

13
   DAVID A. GILB; CALIFORNIA          )  Case No. 34-2008-80000026-CU-WM-GDS
14 DEPARTMENT OF PERSONNEL            )
   ADMINISTRATION                     )  **DECLARATION OF K. WILLIAM CURTIS**
15                                    )  **IN SUPPORT OF EX PARTE**
                                      )  **APPLICATION FOR AN ORDER**
16        Petitioners/Plaintiffs,     )  **SHORTENING TIME TO HEAR PETITION**
                                      )  **FOR WRIT OF MANDATE (CCP § 1085)**
17    v.                              )
                                      )
18 JOHN CHIANG, sued herein in his official  )  Date:        August 20, 2008
   capacity only; OFFICE OF STATE     )  Time:        10:00 a.m.
19 CONTROLLER                         )  Dept:        29
                                      )  Trial Date:  None
20        Respondents/Defendants.     )
                                      )  **Exempt from Fees**
21                                    )  **(Gov. Code § 6103)**
                                      )
22 ─────────────────────────────────── )

23
24        I, K. WILLIAM CURTIS, declare:

25        1.     I am Chief Counsel of the California Department of Personnel Administration (DPA),

26 attorneys for Petitioners/Plaintiffs, David A. Gilb and DPA.

27        2.     I am informed that, on August 18, 2008, at approximately 4:00 p.m., Linda A.

28 Mayhew, an attorney at DPA, received a phone call from a clerk in Department 29, informing

                                      -1-
   Declaration Of K. William Curtis In Support Of Ex Parte Application For An Order Shortening
   Time To Hear Petition For Writ Of Mandate (CCP § 1085)

Ms. Mayhew that the court would hear Petitioners'/Plaintiffs' Ex parte Application for an Order Shortening Time to Hear the Petition for Writ of Mandate (CCP § 1085) on August 20, 2008, at 10:00 a.m. in Department 29.

3. On August 19, 2008, prior to 10:00 a.m., I contacted Gary Messing of Carroll, Burdick & McDonough, counsel for Proposed Intervenors CALIFORNIA CORRECTIONAL PEACE OFFICERS' ASSOCIATION and CALIFORNIA STATEWIDE LAW ENFORCEMENT ASSOCIATION, via facsimile (415-989-0932) and notified him that, on August 20, 2008, at 10:00 a.m., I would be appearing ex parte in Department 29 of the Sacramento County Superior Court to request an order shortening the time to hear Petitioners'/Plaintiffs' Petition for Writ of Mandate (CCP § 1085). I also contacted Mr. Messing by e-mail (gmessing@cbmlaw.com) to notify him of the same.

4. On August 19, 2008, prior to 10:00 a.m., I contacted Brooke D. Pierman, counsel for Proposed Intervenors YVONNE WALKER and SEIU LOCAL 1000, via facsimile (916-554-1292) and notified her that, on August 20, 2008, at 10:00 a.m., I would be appearing ex parte in Department 29 of the Sacramento County Superior Court to request an order shortening the time to hear Petitioners'/Plaintiffs' Petition for Writ of Mandate (CCP § 1085). I also contacted Ms. Pierman by e-mail (bpierman@seiu1000.org) to notify her of the same.

5. On August 19, 2008, prior to 10:00 a.m., I contacted Stewart Weinberg of Weinberg, Roger & Rosenfeld, counsel for Proposed Intervenor STATIONARY ENGINEERS LOCAL 39 INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, via facsimile (510-337-1023) and notified him that, on August 20, 2008, at 10:00 a.m., I would be appearing ex parte in Department 29 of the Sacramento County Superior Court to request an order shortening the time to hear Petitioners'/Plaintiffs' Petition for Writ of Mandate (CCP § 1085). I also contacted Mr. Weinberg by e-mail (sweinberg@unioncounsel.net) to notify him of the same.

6. On August 19, 2008, prior to 10:00 a.m., I contacted Gerald James, counsel for Proposed Intervenors CALIFORNIA ASSOCIATION OF PROFESSIONAL SCIENTISTS AND PROFESSIONAL ENGINEERS IN CALIFORNIA GOVERNMENT, via facsimile (916-446-0400) and notified him that, on August 20, 2008, at 10:00 a.m., I would be appearing ex parte in

-2-

1  and notified him that, on August 20, 2008, at 10:00 a.m., I would be appearing ex parte in

2  Department 29 of the Sacramento County Superior Court to request an order shortening the time to

3  hear Petitioners'/Plaintiffs' Petition for Writ of Mandate (CCP § 1085). I also contacted Mr. James

4  by e-mail (gjames@cwo.com) to notify him of the same.

5        7.    On August 19, 2008, prior to 10:00 a.m., I contacted Rick Chivaro, Chief Counsel for

6  Respondent/Defendant OFFICE OF STATE CONTROLLER, via facsimile (916-322-1220) and

7  notified him that, on August 20, 2008, at 10:00 a.m., I would be appearing ex parte in Department 29

8  of the Sacramento County Superior Court to request an order shortening the time to hear

9  Petitioners'/Plaintiffs' Petition for Writ of Mandate (CCP § 1085). I also contacted Mr. Chivaro by

10  e-mail (rchivaro@sco.ca.gov) to notify him of the same.

11        8.    On August 19, 2008, prior to 10:00 a.m., I contacted Patrick Whalen, General

12  Counsel for Respondent/Defendant CALIFORNIA ATTORNEYS, ADMINISTRATIVE LAW

13  JUDGES, AND HEARING OFFICERS IN STATE EMPLOYMENT (CASE), via facsimile (916-

14  448-5346) and notified him that, on August 20, 2008, at 10:00 a.m., I would be appearing ex parte in

15  Department 29 of the Sacramento County Superior Court to request an order shortening the time to

16  hear Petitioners'/Plaintiffs' Petition for Writ of Mandate (CCP § 1085). I also contacted Mr.Whalen

17  by e-mail (lobby@ellisonwilson.com) to notify him of the same.

18        I declare under penalty of perjury under the laws of the State of California that the foregoing

19  is true and correct.

20        Executed this 19th day of August, 2008, in Sacramento, California.

21

22              By: _____
                    K. WILLIAM CURTIS

23

24

25

26

27

28

Declaration Of K. William Curtis In Support Of Ex Parte Application For An Order Shortening
Time To Hear Petition For Writ Of Mandate (CCP § 1085)

# PROOF OF SERVICE

CASE NAME: *Gilb, et. al. v. Chiang et. al.*
CASE NUMBER: 34-2008-80000026-CU-WM-GDS

I, RENEE WHITEHEAD, declare:

I am employed in the County of Sacramento, California. I am over the age of 18 years, and not a party to the within action. My business address is 1515 S Street, North Building Suite 400, Sacramento, California 95811-7258. I am readily familiar with my employer's business practice for collection and processing of correspondence for GSO, U.S. Mail, Fax Transmission and/or Personal Service.

On August 19, 2008, I caused the following documents to be served:

1) **DECLARATION OF K. WILLIAM CURTIS IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR PETITION FOR WRIT OF MANDATE (CCP § 1085); and**

2) **AMENDED PROOF OF SERVICE.**

on the parties listed as follows:

XXXX        via e-mail and facsimile.

| | |
|---|---|
| GARY M. MESSING<br>Carroll, Burdick & McDonough<br>44 Montgomery Street, Ste. 400<br>San Francisco, CA 94104<br>Facsimile: 415-989-0932<br>gmessing@cbmlaw.com<br>Attorneys for Proposed Intervenors CALIFORNIA CORRECTIONAL PEACE OFFICERS' ASSOCIATION (CCPOA) and CALIFORNIA STATEWIDE LAW ENFORCEMENT ASSOCIATION (CSLEA) | BROOKE D. PIERMAN<br>1808 14th Street<br>Sacramento, CA 95811<br>(916) 554-1279<br>Facsimile: (916) 554-1292<br>bpierman@seiu1000.org<br>Attorney for Proposed Intervenors YVONNE WALKER AND S.E.I.U. |
| RICK CHIVARO<br>300 Capitol Mall, Suite 1850<br>Sacramento, CA 95814<br>Facsimile: 916-322-1220<br>rchivaro@sco.ca.gov<br>Attorney for The Honorable John Chiang<br>OFFICE OF THE STATE CONTROLLER (SCO) | STEWART WEINBERG<br>Weinberg, Roger & Rosenfeld<br>1001 Marina Village Parkway, Ste. 200<br>Alameda,CA 94501-1091<br>Facsimile: 510-337-1023<br>sweinberg@unioncounsel.net<br>Attorneys for Proposed Intervenor STATIONARY ENGINEERS LOCAL 39 INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO |

-1-

| | |
|---|---|
| GERALD JAMES | PATRICK J. WHALEN, General |
| 660 J Street, Suite 445 | Counsel |
| Sacramento, CA 95814 | Law Offices of Brooks Ellison |
| Facsimile: 916-446-0489 | 1725 Capitol Avenue |
| gjames@cwo.com | Sacramento CA 95814 |
| Attorneys for Proposed Intervenors, CALIFORNIA | Facsimile (916) 448-5346 |
| ASSOCIATION OF PROFESSIONAL SCIENTISTS | lobby@ellisonwilson.com |
| AND PROFESSIONAL ENGINEERS IN CALIFORNIA | Attorneys for Proposed Intervenor |
| GOVERNMENT (CAPT) | CALIFORNIA ATTORNEYS, |
| | ADMINISTRATIVE LAW JUDGES, |
| | AND HEARING OFFICERS IN |
| | STATE EMPLOYMENT (CASE) |

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on August 19, 2008, at Sacramento, California.

*Renee Whitehead*

RENEE WHITEHEAD

-2-

_____

Amended Proof of Service

K. WILLIAM CURTIS
Chief Counsel, Bar No. 095753
WARREN C. STRACENER
Deputy Chief Counsel, Bar No. 127921
LINDA A. MAYHEW
Assistant Chief Counsel, Bar No. 155049
CHRISTOPHER E. THOMAS
Labor Relations Counsel, Bar No. 186075
Department of Personnel Administration
State of California
1515 S Street, North Building, Suite 400
Sacramento, CA 95811-7258
Telephone: (916) 324-0512
Facsimile: (916) 323-4723
E-mail: christhomas@dpa.ca.gov

Attorneys for Petitioner, DAVE GILB, as Director of the
California Department of Personnel Administration and the
Department of Personnel Administration

**RECEIVED** AUG 18 2008 11 CIVIL

**FILED / ENDORSED** AUG 2 0 2008 By L. Young, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| DAVID A. GILB; CALIFORNIA DEPARTMENT OF PERSONNEL ADMINISTRATION<br><br>Petitioners/Plaintiffs,<br><br>v.<br><br>JOHN CHIANG, sued herein in his official capacity only; OFFICE OF STATE CONTROLLER<br><br>Respondents/Defendants. | Case No. 34-2008-80000026-CU-WM-GDS<br><br>**ORDER SHORTENING NOTICE OF HEARING ON PETITION FOR WRIT OF MANDATE (CCP § 1085); COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**<br><br>Date:<br>Time:<br>Dept:       29<br>Trial Date:   None<br><br>**Exempt from Fees (Gov. Code § 6103)** |

Satisfactory proof having been made, and good cause appearing,

IT IS ORDERED that:

1.     The application is granted.

2.     The time for hearing on Petitioners'/Plaintiffs' Petition for Writ of Mandate (CCP § 1085); Complaint for Injunctive and Declaratory Relief is hereby shortened, and shall be heard on _September 12_, 2008 at _10_ (a.m./~~p.m.~~) in Department _29_ of this court.

-1-

ORDER SHORTENING NOTICE OF HEARING ON PETITION FOR WRIT OF MANDATE

3. The time for service of the Notice of Hearing on Petition for Writ of Mandate (CCP §
1085); Complaint for Injunctive and Declaratory Relief is hereby shortened. Service of this order
and the notice shall be accomplished by personal service no later than _____, 2008
at _____ (a.m./p.m.) *waived*

4. All papers opposing the Petition for Writ of Mandate (CCP § 1085); Complaint for
Injunctive and Declaratory Relief must be filed and served ~~five court days prior to the time set for~~ *by 5 P.M. August 29, 2008*
~~hearing.~~

5. All reply papers must be filed and served ~~two court days prior to the time set for~~ *by 5 pm September 5, 2008*
~~hearing.~~

6. In no event shall the last paper be filed later than 9:00 a.m. two court days before the
hearing.

Date: *August 20, 2008*

*Timothy M. Frawley*
Judge of the Superior Court
Sacramento County
TIMOTHY M. FRAWLEY

-2-
ORDER SHORTENING NOTICE OF HEARING ON PETITION FOR WRIT OF MANDATE

1   Gary M. Messing, No. 075363
    Gregg McLean Adam, No. 203436
2   Jonathan Yank, No. 215495
    Erick V. Munoz, No. 235967
3   **CARROLL, BURDICK & McDONOUGH** LLP
    Attorneys at Law
4   44 Montgomery Street, Suite 400
    San Francisco, CA 94104
5   Telephone:    415.989.5900
    Facsimile:    415.989.0932
6   Email:        gmessing@cbmlaw.com
                  gadam@cbmlaw.com
7                 jyank@cbmlaw.com
                  emunoz@cbmlaw.com
8
    *Attorneys for Intervenor Respondents/Defendants*
9   *CALIFORNIA CORRECTIONAL PEACE*
    *OFFICERS' ASSOCIATION and*
10  *CALIFORNIA STATEWIDE LAW*
    *ENFORCEMENT ASSOCIATION*
11
    David A. Sanders, No. 221393            Kasey Christopher Clark, No. 148881
12  **CALIFORNIA CORRECTIONAL**            **CALIFORNIA STATEWIDE LAW**
    **PEACE OFFICERS' ASSOCIATION**        **ENFORCEMENT ASSOCIATION**
13  755 Riverpoint Drive, Suite 200        20290 "H" Street
    West Sacramento, CA 95605-1634         Sacramento, CA 95814
14  Telephone:    916.372.6060             Telephone:    916.447.5262
    Facsimile:    916.372.9805             Facsimile:    916.447.2530
15  Email:        david.sanders@ccpoa.org  Email:        kclark@cslea.com

16              SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                          COUNTY OF SACRAMENTO

18

19  DAVID A. GILB, CALIFORNIA              No. 2008-80000026
20  DEPARTMENT OF PERSONNEL
    ADMINISTRATION,                        ~~[PROPOSED]~~ **ORDER GRANTING CCPOA**
21                                         **AND CSLEA'S EX PARTE APPLICATION**
                                           **FOR LEAVE TO INTERVENE**
               Petitioners/Plaintiffs,
22                                         Place:  Dept. 29
        v.                                 Judge:  Hon. Timothy M. Frawley
23
    JOHN CHIANG, sued herein in his        Complaint Filed: August 11, 2008
24  official capacity only; OFFICE OF
    THE STATE CONTROLLER,
25
               Respondents/Defendants.
26

27

28

```
 1  CALIFORNIA CORRECTIONAL
 2  PEACE OFFICERS' ASSOCIATION;
    CALIFORNIA STATEWIDE LAW
 3  ENFORCEMENT ASSOCIATION,

 4          Intervenor
            Respondents/Defendants.
 5
```

6   Upon reading and considering the forgoing Ex Parte Application for Leave to

7   Intervene, the proposed Complaint-in-Intervention attached thereto, and good cause

8   appearing:

9   IT IS HEREBY ORDERED THAT the California Correctional Peace Officers'

10  Association and California Statewide Law Enforcement Association are hereby granted

11  leave to intervene in this action as Intervenor Respondent/Defendants, pursuant to

12  California Code of Civil Procedure Section 387 (b) and to file the aforementioned

13  Complaint-in-Intervention.

14  Dated: *August 20, 2008*

15

16

17  _____
            Hon. Timothy M. Frawley
18          Judge of the Superior Court

19

20

21

22

23

24

25

26

27

28

Complaint in
Intervention

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO ~~DEFENDANT~~:** Plaintiffs
***(AVISO AL DEMANDADO):***
DAVID A. GILB, CALIFORNIA DEPARTMENT OF PERSONNEL
ADMINISTRATION

**YOU ARE BEING SUED BY PLAINTIFF:** Intervenors
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
CALIFORNIA CORRECTIONAL PEACE OFFICERS' ASSOCIATION
and CALIFORNIA STATEWIDE LAW ENFORCEMENT ASSOCIATION

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SACRAMENTO COUNTY SUPERIOR COURT
720 Ninth Street
Sacramento, CA 95814

CASE NUMBER:
*(Número del Caso):* 34-2008-80000026

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gary M. Messing, CARROLL, BURDICK & McDONOUGH LLP   916-446-5297    916-446-4487
1007 7th Street, Suite 200, Sacramento, CA 95814

Attorneys for Intervenors
DATE: AUG 2 0 2008        Clerk, by A. VLAISAVICH , Deputy
*(Fecha)*                 *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1 | Gary M. Messing, No. 075363
Gregg McLean Adam, No. 203436
2 | Jonathan Yank, No. 215495
Erick V. Munoz, No. 235967
3 | **CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
4 | 44 Montgomery Street, Suite 400
San Francisco, CA 94104
5 | Telephone: 415.989.5900
Facsimile: 415.989.0932
6 | Email: gmessing@cbmlaw.com
gadam@cbmlaw.com
7 | jyank@cbmlaw.com
emunoz@cbmlaw.com

*Attorneys for Intervenor Respondents/Defendants*
*CALIFORNIA CORRECTIONAL PEACE*
*OFFICERS' ASSOCIATION and*
*CALIFORNIA STATEWIDE LAW*
*ENFORCEMENT ASSOCIATION*

David A. Sanders, No. 221393
**CALIFORNIA CORRECTIONAL
PEACE OFFICERS' ASSOCIATION**
755 Riverpoint Drive, Suite 200
West Sacramento, CA 95605-1634
Telephone: 916.372.6060
Facsimile: 916.372.9805
Email: david.sanders@ccpoa.org

Kasey Christopher Clark, No. 148881
**CALIFORNIA STATEWIDE LAW
ENFORCEMENT ASSOCIATION**
20290 "H" Street
Sacramento, CA 95814
Telephone: 916.447.5262
Facsimile: 916.447.2530
Email: kclark@cslea.com

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| DAVID A. GILB, CALIFORNIA DEPARTMENT OF PERSONNEL ADMINISTRATION, <br><br> Petitioners/Plaintiffs, <br><br> v. <br><br> JOHN CHIANG, sued herein in his official capacity only; OFFICE OF THE STATE CONTROLLER, <br><br> Respondents/Defendants. | No. 2008-80000026 <br><br> **COMPLAINT IN INTERVENTION** <br><br> Complaint Filed: August 11, 2008 |

CALIFORNIA CORRECTIONAL
PEACE OFFICERS' ASSOCIATION;
CALIFORNIA STATEWIDE LAW
ENFORCEMENT ASSOCIATION,

      Intervenor
      Respondents/Defendants.

By leave of Court, COME NOW CALIFORNIA STATEWIDE LAW

ENFORCEMENT ASSOCIATION ("CSLEA") and CALIFORNIA CORRECTIONAL

PEACE OFFICERS' ASSOCIATION ("CCPOA") (hereafter referred to collectively with

their respective members as "Intervenors") and complain against Petitioners, and each of

them, alleging as follows:

## PARTIES

1.    CSLEA is the exclusive recognized employee organization

representing approximately 7000 peace officer, firefighter, and various other law

enforcement-related classifications of employees in State Bargaining Unit 7 ("Unit 7"),

pursuant to the Ralph C. Dills Act, California Government Code section 3512 *et seq.*

("Dills Act").

2.    CCPOA is the exclusive recognized employee organization

representing approximately 30,000 correctional officers, correctional counselors, parole

agents, medical technical assistants, and other classifications of civil service employees

in State Bargaining Unit Six ("Unit 6"), pursuant to Dills Act.

3.    CCPOA and CSLEA have standing to intervene on behalf of their

respective members under the representation doctrines articulated by the United States

Supreme Court in *Allee v. Medrano* (1974) 416 U.S. 802; *Professional Fire Fighters v.

City of Los Angeles* (1963) 60 Cal.2d 276; *International Association of Fire Fighters v.

City of Palo Alto* (1963) 60 Cal.2d 295; and *California Federation of Teachers v.

Oxnard Elementary School* (1969) 272 Cal.App.2d 514.

4.    Respondent/Defendant JOHN CHIANG, is, and at all times relevant

herein was, the Controller for the State of California.

5.     Petitioner/Plaintiff CALIFORNIA DEPARTMENT OF PERSONNEL ADMINISTRATION ("DPA") is the agency of the State of California designated as the Governor's bargaining representative under the Dills Act. (Cal. Gov't Code §§ 19815.4(g) and 3517). The DPA represents the Governor as the employer in all matters pertaining to California state personnel employer-employee relations. (Cal. Gov. Code § 19815, *et seq.*)

6.     Petitioner/Plaintiff DAVID GILB is the Director of DPA.

### RELEVANT FACTS

7.     On July 31, 2008 the Governor issued an Executive Order (Executive Order S-09-08, "Order" attached as Exh. A to Gilb Decl.), decreeing, *inter alia*, that, as a general proposition, the salaries of employees who are not exempted from the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201-19, including employees represented by Intervenors, would be reduced to federal minimum wage and they would be precluded from working overtime. Petitioner subsequently determined, in concert with other state agencies, certain classifications that it exempted from the Order including certain but not all employees in Units 6 and 7. Tens of thousands of employees represented by the intervenors are not exempted from the Executive Order as of this date.

8.     Although the Order provides for certain employees to be exempted from its minimum wage and overtime provisions on public safety grounds the vast majority of employees represented by Intervenors were not exempt from these provisions.

9.     On August 11, 2008, Petitioners initiated the instant action requesting mandamus, declaratory and injunctive relief.

10.     Through this lawsuit, Petitioners seek to impose the minimum wage provisions on Intervenors and other public employees. (Petition page 11 lines 14-25, hereafter Pet. 11: 14-25.)

1
ALLEGATIONS

2      11.   Intervenors are proper parties pursuant to California Code of Civil

3  Procedure section 387 ("section 387") because they have a clear, direct, and immediate

4  interest in this case arising from the grave consequences they would suffer if the relief

5  requested were granted.

6      12.   Intervenors would obviously suffer direct pecuniary impact from the

7  reduction of wages and the inability to work overtime, but the financial hardship would

8  be so extreme that collateral injuries are inevitable as well.  Intervenors would face the

9  inability to pay mortgages, cover health care expenses, qualify for loans, pay credit

10  cards and other interest bearing accounts, provide transportation, food and utilities for

11  their families, and make timely palimony and child support payments resulting in fines

12  and possible criminal sanctions. (*See* Declarations of Chuck Alexander and Kasey

13  Clark.)

14      13.   Under *Biggs v. Wilson* (1993) 1 F.3d 1537 (*Biggs*) all employees who

15  work overtime must be timely paid their full normal wages, i.e., with their monthly

16  paycheck.  Petitioner concedes that, under *White v. Davis*, (2003) 30 Cal.4th 528

17  (*Davis*), it cannot pay minimum wage to those who work overtime.  (Pet. 5: 20-24).

18  Moreover, the Controller has represented in public testimony that he *cannot* practically

19  pay employees their full salary as required by the FLSA under the conditions created

20  by the Order[1].

21      14.   Because of the nature of their work and understaffing in their

22  respective departments, the overwhelming majority of Intervenors will work overtime.

23  The Order creates a significant likelihood that such employees will be deprived of the

24  full wages mandated by *Davis* and *Biggs*.

25      15.   Federal Courts have recognized that state employees have Fifth and

26  Fourteenth Amendment rights to substantive due process, actionable under 42 U.S.C.

27

28  [1] http://www.californiaprogressreport.com/2008/08/what_california_2.html

CBM-SF\SF415194.4                                -4-

1      Section 1983, to prevent their employer affirmatively creating a danger to them or

2      creating a situation that renders them more vulnerable to danger.

3                16.    The Order's preclusion of overtime for correction's staff represented

4      by Intervenor CCPOA would create such a danger, since it would radically reduce

5      personnel in a corrections system that all agree is already dangerously understaffed and

6      drastically overcrowded and subject to hundreds of federal court orders in *Ralph*

7      *Coleman v. Arnold Schwarzenegger, et al.*, U.S.D.C., Eastern Dist. of Cal., Case No.

8      CIV S-90-0520, *Marciano Plata, et al. v. Arnold Schwarzenegger, et al.*, U.S.D.C.,

9      Northern Dist. of Cal., Case No. C01-1351 T.E.H. (*Plata*), *John Armstrong, et al. v.*

10      *Arnold Schwarzenegger, et al.*, U.S.D.C., Northern District, Oakland Division, Case

11      No. 94-CV-02307-CW on account of the unconstitutional conditions that presently

12      exist.

13                17.    Consequently, the relief requested by Petitioners in this action to

14      facilitate their enforcement of the Order against Intervenors creates several clear and

15      direct impacts that justify intervention.

16                            **FIRST CAUSE OF ACTION - INJUNCTIVE RELIEF**

17      **VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 201-19: ENJOINING**

18                       **REDUCTION OF INTERVENORS' WAGES**

19                18.    Intervenors incorporate herein by reference all preceding paragraphs as

20      though fully set forth herein.

21                19.    By this action, Petitioners propose drastic paycuts to thousands of

22      public servants by requiring the Controller to pay Intervenors federal minimum wage.

23                20.    These paycuts will have severe and lasting detrimental impacts on

24      Intervenors.

25                21.    Injunctive relief is therefore proper because this devastating impact

26      constitutes irreparable harm that is not outweighed by any consideration in favor of

27      executing the order.

28

22. Due to the nature of their work, particularly the public safety functions they perform, thousands of public servants will inevitably work overtime but will not timely receive their full wage in violation of the federal law discussed above.

23. Injunctive relief is therefore proper because it would prevent the State from violating federal law in a manner that exposes them to potentially enormous amounts of monetary liability for violating federal wage laws.

24. Intervenors have no administrative remedies available to them under applicable law.

25. Intervenors, therefore, seek to enjoin Petitioners from enforcing the order.

### SECOND CAUSE OF ACTION - INJUNCTIVE RELIEF
### VIOLATION OF SUBSTANTIVE DUE PROCESS, 42 U.S.C. SECTION 1983: ENJOINING OVERTIME PRECLUSION AGAINST INTERVENORS

26. Intervenors incorporate herein by reference all preceding paragraphs as though fully set forth herein.

27. CCPOA Intervenors are all employed by departments which suffer from chronic understaffing and massive overpopulation of prison inmates.

28. In order to address this understaffing, all these departments schedule overtime shifts for nearly every employee. There is simply no other way to adequately staff the institutions in which Intervenors work.

29. If the Order succeeds in precluding CCPOA Intervenors from working overtime, this dangerous understaffing would be exacerbated to a level that would inevitably create a direct threat of severe physical harm to CCPOA Intervenors.

30. As discussed above, state employees have substantive due process rights that prevent the State from affirmatively placing them in danger.

31. The overtime preclusion against Intervenor CCPOA would generate such a danger because it would create a dire understaffing of the State's already overcrowded prison system and therefore would create an unsafe working environment.

1      32.   Intervenors have no administrative remedies available to them under

2  applicable law.

3      33.   Intervenors, therefore seek to enjoin Petitioners from enforcing the

4  Order because no other way to vindicate their federal substantive due process rights

5  exists.

6  **PRAYER**

7      1.   A ruling in favor of Intervenors, denying each and every one of

8  Petitioners' requests for relief.

9      2.   An Order enjoining Petitioners from enforcing the Order.

10      3.   For attorneys' fees, pursuant to 42 U.S.C. section 1988 and Code of

11  Civil Procedure section 1021.5, or as otherwise provided or permitted by law, and

12      4.   For costs of suit incurred herein, and

13      5.   For any other relief as the Court deems just and proper.

14  Dated: August 15, 2008

15          CARROLL, BURDICK & McDONOUGH LLP

16

17          By _____

18                    Gary M. Messing
                   Gregg McLean Adam

19                     Jonathan Yank
                   Erick V. Munoz

20          *Attorneys for Intervenor Respondents/Defendants*
        *CALIFORNIA CORRECTIONAL PEACE*

21          *OFFICERS' ASSOCIATION and*
        *CALIFORNIA STATEWIDE LAW*

22          *ENFORCEMENT ASSOCIATION*

23

24

25

26

27

28