UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID A. GILB, CALIFORNIA
DEPARTMENT OF PERSONNEL
ADMINISTRATION,                                NO. 2:08-cv-01960-MCE-DAD

      Petitioners/Plaintiffs,

  v.                                           ORDER

JOHN CHIANG, sued herein in his
official capacity only; OFFICE OF
THE STATE CONTROLLER,

      Respondents/Defendants.
_____

CALIFORNIA CORRECTIONAL PEACE
OFFICERS' ASSOCIATION; CALIFORNIA
STATEWIDE LAW ENFORCEMENT
ASSOCIATION; STATIONARY ENGINEERS
LOCAL 39 INTERNATIONAL UNION OF
OPERATING ENGINEERS, AFL-CIO;
CALIFORNIA ASSOCIATION OF PROFESSIONAL
SCIENTISTS; PROFESSIONAL ENGINEERS
IN CALIFORNIA GOVERNMENT; YVONNE
WALKER and SERVICE EMPLOYEES
INTERNATIONAL UNION, LOCAL 1000;
CALIFORNIA ATTORNEYS, ADMINISTRATE
LAW JUDGES, AND HEARING OFFICERS IN
STATE EMPLOYMENT (CASE)

      Intervenor Respondents/
      Defendants

----oo0oo----

1  The present action, filed August 11, 2008 in state court by
2 the State of California, through the Department of Personnel
3 Administration ("DPA"), seeks to compel compliance by
4 Petitioner/Defendants John Chiang and the Office of the State
5 Controller ("Controller") with Governor Schwarzenegger's
6 Executive Order S-09-08 requiring various emergency measure in
7 light of the state budget impasse.  The matter was removed here
8 by Intervenor Respondents/Defendants California Correctional
9 Peace Officers' Association and California State Law Enforcement
10 Association on August 20, 2008, who contend that federal
11 jurisdiction is conferred because of the existence of a federal
12 question under 28 U.S.C. § 1441(b).
13  Some three weeks later, on September 10, 2008, DPA filed its
14 Motion to Remand the instant matter under 28 U.S.C. § 1447(c).
15 Pursuant to the Court's schedule for hearing regularly-noticed
16 motions under Local Rule 78-230(b), the Motion to Remand was set
17 for hearing on October 17, 2008.  Concurrently with its Motion,
18 however, the DPA filed an ex parte application to hear the matter
19 on shortened time under Local Rule 6-144(e).  That application is
20 now before the Court.
21  Rule 6-144(e) allows the Court to shorten time only upon
22 affidavit of counsel showing a satisfactory explanation for the
23 need for issuance of such an order.  Following examination of the
24 papers submitted, this Court concludes that no such satisfactory
25 explanation has been demonstrated.  As stated above, the instant
26 lawsuit was removed to federal court on August 20, 2008.
27 ///
28 ///

1 While counsel for DPA contends that the remand issue must now be
2 determined immediately, and outside the confines of the normal
3 briefing schedule for adjudicating such matters, DPA has not
4 explained why it could not have immediately sought the requested
5 relief following removal of the case to this Court on August 20,
6 2008.  As pointed out in opposition to DPA's ex parte
7 application, the DPA has not shown that remand is any more urgent
8 now than it was at the time of removal.

9     Had the Motion to Remand been filed immediately after
10 removal, the Motion could have been heard upon full notice and
11 time to respond in accordance with both the Court's Local Rules
12 and the Federal Rules of Civil Procedure.  DPA's belated attempt
13 to request emergency relief from the schedule for filing civil
14 motions in accordance with those rules does not satisfy the good
15 cause standard for relief as stated in Local Rule 6-144(e).
16 Consequently, DPA's ex parte application is DENIED.  The Motion
17 to Remand will remain on the Court's regular civil motion
18 calendar for October 17, 2008 at 9:00 a.m.

19     IT IS SO ORDERED.

20 Dated: September 16, 2008

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3